UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-849 AG (MLGx)** | Date | September 27, 2010 |
|---|---|---|---|
| Title | SECURITIES AND EXCHANGE COMMISSION v. WESTMOORE MANAGEMENT LLC, et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**     **[IN CHAMBERS] ORDER GRANTING PRELIMINARY INJUNCTION**

The Tentative Order previously issued in this case stated that the SEC shall submit an Order by the time of the hearing that tracks the injunctive language of the existing TRO now in effect. The SEC did not do that. The SEC shall now submit a proposed Order as soon as possible, no later than Friday, October 1, 2010, that tracks the injunctive language of the existing TRO now in effect.

Plaintiff Securities and Exchange Commission ("Plaintiff") seeks a preliminary injunction against Defendants Westmoore Management LLC, Westmoore Capital LLC, Westmoore Capital Management LLC, Westmoore Investment LP, and Matthew Jennings (collectively, "Defendants"). Plaintiffs initially sought a temporary restraining order ("TRO") and order (1) freezing assets, (2) appointing a temporary receiver, (3) prohibiting the destruction of documents, and (4) requiring accountings; and an Order to Show Cause ("OSC") regarding a preliminary injunction and appointment of a permanent receiver. The Court granted the TRO as requested, but without a receiver and with a few minor amendments. *(*Docket # 9.) After multiple stipulations extending the TRO and extending the briefing schedule on the OSC, the matter of the preliminary injunction is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-849 AG (MLGx)** | Date | September 27, 2010 |
|---|---|---|---|
| Title | SECURITIES AND EXCHANGE COMMISSION v. WESTMOORE MANAGEMENT LLC, et al. | | |

now before the Court. Defendant has filed no response to the OSC. The Court GRANTS the preliminary injunction.

### FINDINGS

Plaintiff alleges that Defendants engaged in an "undisclosed Ponzi-like scheme." (Complaint ¶ 3.) Defendants raised more than $53 million in 2008, of which at least $8.7 million was used to pay existing investors. (Complaint ¶ 3.) Defendants promised unsustainably high returns to investors. (Complaint ¶ 4.) The scheme began to collapse in 2010, when Defendants gave investors a choice between limited repayment or conversion of their investments to equity. (Complaint ¶ 6.) Plaintiff alleges that Defendants' actions constitute multiple violations of securities law. (Complaint ¶ 7.)

### LEGAL STANDARD

A preliminary injunction is a provisional remedy issued before final disposition of the litigation. Its function is to preserve the status quo and prevent irreparable loss of rights before judgment. *Sierra On-Line, Inc. v. Phoenix Software, Inc.,* 739 F.2d 1415, 1422 (9th Cir. 1984). It is a "drastic and extraordinary remedy that is not to be routinely granted." *Intel Corp. v. ULSI Sys. Tech., Inc.*, 995 F.2d 1566, 1568 (Fed. Cir. 1993). The Supreme Court recently set forth the standard for preliminary injunctions in *Winter v. NRDC, Inc.*, 129 S. Ct. 365, 374 (2008). Even more recently, the Ninth Circuit set forth the standard for preliminary injunctions in *Alliance for Wild Rockies v. Cottrell* , — F.3d —, 2010 WL 2926463 (9th Cir. July 28, 2010).

### CONCLUSIONS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-849 AG (MLGx)** | Date | September 27, 2010 |
|---|---|---|---|
| Title | SECURITIES AND EXCHANGE COMMISSION v. WESTMOORE MANAGEMENT LLC, et al. | | |

Defendants did not respond to the Order to Show Cause. Under Local Rule 7-12, the failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion. Therefore, the Court may treat Defendants' failure to file an opposition as consent to the granting of the preliminary injunction. But in the interests of justice and judicial efficiency, the Court reviewed all papers and arguments submitted.

The basic injunctive relief sought has been in place as a TRO for the past three months, since mid-June 2010. Several times since the TRO was granted, Plaintiff and Defendants have jointly stipulated for an extension of the OSC hearing. *See* Docket # 17, 23, 27. The most recent stipulation for extending the TRO, submitted on August 6, 2010, stated that Defendants must file an opposition to the OSC by September 3, 2010. The Court issued a corresponding order. Since Defendants signed the stipulation, they knew of the deadline for responding to the OSC. Defendants have not filed an opposition. In addition, Plaintiff's request meets the standard for a preliminary injunction as set forth in *Winters* and *Alliance*.

## DISPOSITION

The Court GRANTS the preliminary injunction. The SEC shall now submit a proposed Order as soon as possible, no later than Friday, October 1, 2010, that tracks the injunctive language of the existing TRO now in effect.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |