JOHN M. MCCOY III, Cal Bar. No. 166244
Email: mccoyj@sec.gov
SPENCER E. BENDELL, Cal Bar. No. 181220
Email: bendells@sec.gov
LORRAINE B. ECHAVARRIA, Cal Bar. No. 191860
Email: echavarrial@sec.gov
SAM S. PUATHASNANON, Cal. Bar No. 198430
Email: puathasnanons@sec.gov
ROBERT CONRRAD, Cal. Bar No. 199498
Email: conrradr@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile:  (323) 965-3908

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>        vs.<br><br>WESTMOORE MANAGEMENT, LLC; WESTMOORE INVESTMENT, L.P.; WESTMOORE CAPITAL MANAGEMENT, INC.; WESTMOORE CAPITAL, LLC, and MATTHEW JENNINGS,<br><br>                    Defendants. | Case No. SACV 10-00849-AG (MLGx)<br><br>**PRELIMINARY INJUNCTION AND ORDERS: (1) FREEZING ASSETS, AND (2) PROHIBITING THE DESTRUCTION OF DOCUMENTS** |

This matter came to be heard upon the *Ex Parte* Application of Plaintiff Securities and Exchange Commission ("Commission") for a Temporary Restraining Order And Orders:  (1) Freezing Assets, (2) Appointing A Temporary Receiver, (3) Prohibiting The Destruction Of Documents, And (4) Requiring Accountings; And Order To Show Cause Re Preliminary Injunction And Appointment Of A Permanent Receiver (the "Application").  On June 16, 2010, the Court granted the Commission's Application in part and ordered the defendants to show cause why a Preliminary Injunction should not be granted and a permanent received not be appointed in accordance with the Commission's complaint in this matter.

On June 23, 2010, upon stipulation of the parties, the Court entered an Order (1) Extending Temporary Restraining Order, (2) Setting Briefing Schedule and Continuing Hearing on Order to Show Cause re: Preliminary Injunction and Appointment of Receiver, and (3) Continuing Deadlines for Compliance with Temporary Restraining Order.

On June 29, 2010, upon stipulation of the parties, the Court entered an Order Lifting Asset Freeze for Specified Accounts.

On July 6, 2010, upon stipulation of the parties, the Court entered an Order (1) Extending Temporary Restraining Order, and (2) Extending Briefing Schedule and Continuing Hearing on Order to Show Cause re: Preliminary Injunction and Appointment of Receiver.

On July 22, 2010, upon stipulation of the parties, the Court entered an Order Lifting Asset Freeze for Specified Accounts.

On August 10, 2010, upon stipulation of the parties, the Court entered an Order (1) Extending Temporary Restraining Order, and (2) Extending Briefing Schedule and Continuing Hearing on Order to Show Cause re: Preliminary Injunction and Appointment of Receiver.

///

1

The Court, having considered the Commission's Complaint, its Application, the Memorandum of Points and Authorities, and the Declarations and other documents filed in support of the Application, and all other evidence and argument presented regarding the Application, finds that:

A.      This Court has jurisdiction over the parties to, and the subject matter of, this action.

B.      Good cause exists to believe that defendants Westmoore Management, LLC ("Westmoore Management"), Westmoore Investment, L.P. ("Westmoore Investment"), Westmoore Capital Management, Inc. ("Westmoore Capital Management"), Westmoore Capital, LLC ("Westmoore Capital"), and Matthew Jennings (collectively, the "Defendants"), and each of them, have engaged in, are engaging in, and are about to engage in transactions, acts, practices and courses of business that variously constitute violations of Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a), 77e(c), and 77q(a), and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

C.      The Commission has demonstrated a probability of success on the merits in this action and the possibility of dissipation of assets.

D.      Good cause exists to believe that Defendants will continue to engage in such violations to the immediate and irreparable loss and damage to investors and to the general public unless they are restrained and enjoined.

E.      The Commission has not, at this time, demonstrated sufficient cause to warrant the appointment of a permanent receiver.

///
///
///
///

## I.

IT IS HEREBY ORDERED that the Commission's Application for a Preliminary Injunction Order and Orders:  (1) Freezing Assets, (2) Prohibiting The Destruction Of Documents, And (3) Requiring Accountings; is GRANTED.

## II.

IT IS FURTHER ORDERED that the Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, making use of any means or instruments of transportation or communication in interstate commerce or of the mails, to sell, to offer to sell, or to offer to buy any security, or carrying or causing securities to be carried through the mails or in interstate commerce, by any means or instruments of transportation, for the purpose of sale or delivery after sale, in violation of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77(e)(a) and 77(e)(c).

## III.

IT IS FURTHER ORDERED that the Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under

which they were made, not misleading; or

C.     engaging in any transaction, practice, or course of business which
        operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## IV.

IT IS FURTHER ORDERED that the Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

A.     employing any device, scheme or artifice to defraud;

B.     making any untrue statement of a material fact or omitting to state a
        material fact necessary in order to make the statements made, in the
        light of the circumstances under which they were made, not
        misleading; or

C.     engaging in any act, practice, or course of business which operates or
        would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## V.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined

from, directly or indirectly transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims, or other real or personal property, including any notes or deeds of trust or other interests in real property, wherever located, of defendants Westmoore Management, Westmoore Investment, Westmoore Capital Management, Westmoore Capital and Jennings, or their subsidiaries or affiliates, whether owned by, controlled by, managed by or in the possession or custody of any of them and from transferring, encumbering, dissipating, incurring charges, or cash advances on any credit card or the credit arrangements of defendants Westmoore Management, Westmoore Investment, Westmoore Capital Management, Westmoore Capital and Jennings.

## VI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the Commission to be heard) in all accounts at any bank, financial institution or brokerage firm (including any futures commission merchant), or internet or "e-currency" payment processor, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by defendants Westmoore Management, Westmoore Investment, Westmoore Capital Management, Westmoore Capital and/or Jennings, any subsidiaries of any of them, or any entity affiliated with any of them, including, but not limited to, the accounts set forth below:

///
///
///
///

| INSTITUTION | ACCOUNT HOLDER | ACCOUNT NO. (LAST 4 DIGITS) |
|---|---|---|
| Bank of America | Capital Asset Lending, Inc. | 0458 |
| Bank of America | Harry's Pacific Grill (operating account) | 2195 |
| Bank of America | Harry's Pacific Grill (Payroll) | 4060 |
| Bank of America | Harry's Pacific Grill, LLC Operating A/C | 8985 |
| Bank of America | Harry's Pacific Grill, LLC Payroll I | 8986 |
| Bank of America | Harry's Pacific Grill, LLC Payroll II | 8988 |
| Bank of America | Honolulu Harry's, Inc. (Corp. Main) | 1894 |
| Bank of America | Matt Jennings | 1000 |
| Bank of America | Rancho Cucamonga Harry's Pacific Grill (General A/C) | 7380 |
| Bank of America | Rancho Cucamonga Harry's Pacific Grill (General) | 6612 |
| Bank of America | Rancho Cucamonga Harry's Pacific Grill (Payroll) | 6614 |
| Bank of America | Rancho Cucamonga Harry's Pacific Grill (Payroll) | 7381 |
| Bank of America | Westmoore Business Development., LLC | 1463 |
| Bank of America | Westmoore Capital Finance, LTD | 1427 |
| Bank of America | Westmoore Capital Group, LLC | 0412 |

| INSTITUTION | ACCOUNT HOLDER | ACCOUNT NO. (LAST 4 DIGITS) |
|---|---|---|
| Bank of America | Westmoore Capital Group, LLC (China Series) | 8648 |
| Bank of America | Westmoore Capital Group, LLC (Series A) | 0673 |
| Bank of America | Westmoore Capital Group, LLC (Series II) | 0762 |
| Bank of America | Westmoore Capital Management, Inc. | 0452 |
| Bank of America | Westmoore Capital, Inc. | 0331 |
| Bank of America | Westmoore Capital, Inc. (Westmoore Tahoe) | 2790 |
| Bank of America | Westmoore Food & Entertainment., LLC | 0303 |
| Bank of America | Westmoore Holdings, Inc | 6289 |
| Bank of America | Westmoore Income Properties, LLC | 1452 |
| Bank of America | Westmoore Income Properties, LLC (11th Street) | 0838 |
| Bank of America | Westmoore Income Properties, LLC (Brentwood) | 0682 |
| Bank of America | Westmoore Income Properties, LLC (Fresno St.) | 0685 |
| Bank of America | Westmoore Income Properties, LLC (Havasu) | 0837 |

| INSTITUTION | ACCOUNT HOLDER | ACCOUNT NO. (LAST 4 DIGITS) |
|---|---|---|
| Bank of America | Westmoore Income Properties, LLC (Show Low) | 1097 |
| Bank of America | Westmoore Income Properties, LLC (The Palms) | 0684 |
| Bank of America | Westmoore International | 7460 |
| Bank of America | Westmoore Investment, L.P. | 6037 |
| Bank of America | Westmoore Investment, L.P. | 0104 |
| Bank of America | Westmoore Lending Opportunity Fund, LLC | 1814 |
| Bank of America | Westmoore Lending, LLC | 6718 |
| Bank of America | Westmoore Management, LLC | 7298 |
| Bank of America | Westmoore Management, LLC (Belmont Place) | 0157 |
| Bank of America | Westmoore Partners, Inc. | 2335 |
| Bank of America | Westmoore Properties, L.P. | 1185 |
| Bank of America | Westmoore Realty Inc. | 8033 |
| Bank of America | Westmoore Securities, Inc. | 1599 |
| C.K. Cooper | Matthew Jennings | 0091 |
| C.K. Cooper | Recovery Capital Corp. | 7498 |
| C.K. Cooper | Westmoore Capital Group | 5335 |
| C.K. Cooper | Westmoore Investment | 6860 |

8

| INSTITUTION | ACCOUNT HOLDER | ACCOUNT NO. (LAST 4 DIGITS) |
| --- | --- | --- |
| Southwest Securities | Matthew and Jeanine Jennings | 3196 |
| Southwest Securities | Matthew Jennings FBO Luke Estrada | 5224 |
| Southwest Securities | Westmoore Capital Group, Series B | 7101 |
| Southwest Securities | Westmoore Capital Group, Series II | 0331 |
| Southwest Securities | Westmoore Holdings, Inc. | 5372 |
| Southwest Securities | Westmoore Investment, L.P. | 4912 |
| Southwest Securities | Westmoore Investment, L.P. | 6549 |
| Southwest Securities | Westmoore Management | 3381 |
| Southwest Securities | Westmoore Partners | 6143 |
| Southwest Securities | Westmoore Securities, Inc. | 2160 |
| Southwest Securities | Westmoore Trading Company | 7630 |
| Union Bank | Westmoore Capital Group | 5895 |

Pursuant to prior orders of the Court, entered upon stipulation of the parties, the following accounts are not subject to the asset freeze ordered herein:

| INSTITUTION | ACCOUNT HOLDER | ACCOUNT NO. (LAST 4 DIGITS) |
| --- | --- | --- |
| Chase | Harry's Pacific Grill (Rancho Cucamonga general operating account) | 6065 |

| INSTITUTION | ACCOUNT HOLDER | ACCOUNT NO. (LAST 4 DIGITS) |
|---|---|---|
| Chase | Harry's Pacific Grill (Rancho Cucamonga payroll account) | 6073 |
| Chase | Harry's Pacific Grill (Rancho Cucamonga tax account) | 9139 |
| Chase | Harry's Pacific Grill (Temecula general operating account) | 6049 |
| Chase | Harry's Pacific Grill (Temecula payroll account) | 6057 |
| Chase | Harry's Pacific Grill (Temecula tax account) | 9147 |
| C.K. Cooper | Westmooore Holdings, Inc. (brokerage account) | 1648 |

## VII.

IT IS FURTHER ORDERED that representatives of the Commission and any other government agency, are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of the Defendants, and continuing access to inspect their funds, property, assets and collateral, wherever located.

## VIII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, the Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or

otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to the Defendants, and their subsidiaries and affiliates.

**IX.**

IT IS FURTHER ORDERED, to the extent not done so already, that Defendants shall, within five days of the issuance of this Order, each prepare and deliver to the Commission a detailed and complete schedule of all their assets, including all real and personal property exceeding $5,000 in value, and all bank, securities, futures and other accounts identified by institution, branch address and account number.  The accounting shall include a description of the source(s) of all such assets.  Such accounting shall be filed with the Court and a copy shall be delivered to the Commission's Los Angeles Regional Office.  After completion of the accountings, the Defendants shall produce to the Commission's Los Angeles Regional Office, at a time agreeable to the Commission, all books, records and other documents supporting or underlying their accounting.

**X.**

IT IS FURTHER ORDERED, to the extent not done so already, that the Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, shall, within 24 hours of the issuance of this Order, cause to be prepared and delivered to the Commission, a detailed and complete schedule of all desktop computers, laptop computers and/or personal digital assistants ("PDA") owned and/or used by them in connection with their business.  In the case of the individual defendant, he shall, within 24 hours of the issuance of this Order,

prepare and deliver to the Commission, a detailed and complete schedule of all desktop computers, laptop computers and/or PDA's owned, controlled or used by him for any purpose.  The schedules required by this section shall include at a minimum the make, model and description of each computer and/or PDA, along with its location, the name of the person primarily assigned to use the computer and/or PDA, all passwords necessary to access the computer and/or PDA, and all passwords necessary to access and use the software contained on the computer and/or PDA.  The Commission shall be authorized to make an electronic, digital or hard copy of all of the data contained on the computers and/or PDAs.

## XI.

IT IS FURTHER ORDERED, to the extent not done so already, that the Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates shall, within 24 hours of the issuance of this Order, cause to be prepared and delivered to the Commission a detailed and complete schedule of all passwords, usernames, identification numbers and similar information for all web sites, email accounts, and all accounts at any bank, financial institution or brokerage firm operated by or to which the Defendants have access.

## XII.

IT IS FURTHER ORDERED, to the extent not done so already, that any person who receives actual notice of this Order by personal service or otherwise, and who holds, possesses, or controls assets exceeding $5,000 for the account or benefit of any of the defendants, shall within 7 days of receiving actual notice of this Order provide to counsel for the Commission a written statement identifying all such assets, the value of the assets, or best approximation thereof, and any account number(s) or account name(s) in which the assets are held.

///

///

///

1    ///

2    ///

3    ///

4                                    **XIII.**

5            IT IS FURTHER ORDERED that this Court shall retain jurisdiction over

6    this action for the purpose of implementing and carrying out the terms of all orders

7    and decrees which may be entered herein and to entertain any suitable application

8    or motion for additional relief within the jurisdiction of this Court.

9

10           IT IS SO ORDERED.

11

12   DATED:        September 29, 2010

13   TIME:         4:00 o'clock p.m.

14

15

16                                          THE HON. ANDREW J. GUILFORD
                                            UNITED STATES DISTRICT JUDGE

17

18   Presented by:

19

20   /s/ Sam S. Puathasnanon
     Sam S. Puathasnanon
21   Attorneys for Plaintiff
     Securities and Exchange Commission

22

23

24

25

26

27

28