JOHN M. MCCOY III, Cal. Bar. No. 166244
Email: mccoyj@sec.gov
SPENCER E. BENDELL, Cal Bar. No. 181220
Email: bendells@sec.gov
LORRAINE B. ECHAVARRIA, Cal. Bar. No. 191860
Email: echavarrial@sec.gov
SAM S. PUATHASNANON, Cal. Bar. No. 198430
Email: puathasnanons@sec.gov
ROBERT CONRRAD, Cal. Bar. No. 199498
Email: conrradr@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
John M. McCoy III, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

　　　　　Plaintiff,

　　vs.

WESTMOORE MANAGEMENT, LLC; WESTMOORE INVESTMENT, L.P.; WESTMOORE CAPITAL MANAGEMENT, INC.; WESTMOORE CAPITAL, LLC, and MATTHEW R. JENNINGS,

　　　　　Defendants.

Case No. SACV 10-00849 AG (MLGx)

**FINAL JUDGMENT AS TO DEFENDANT MATTHEW R. JENNINGS**

1    The Securities and Exchange Commission having filed a Complaint and

2    Defendant Matthew R. Jennings ("Defendant") having entered a general

3    appearance; consented to the Court's jurisdiction over Defendant and the subject

4    matter of this action; consented to entry of this Final Judgment without admitting

5    or denying the allegations of the Complaint (except as to jurisdiction); waived

6    findings of fact and conclusions of law; and waived any right to appeal from this

7    Final Judgment:

8                                        **I.**

9    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant

10   and Defendant's agents, servants, employees, attorneys, and all persons in active

11   concert or participation with them who receive actual notice of this Final Judgment

12   by personal service or otherwise are permanently restrained and enjoined from

13   violating Section 5 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C.

14   § 77e, by, directly or indirectly, in the absence of any applicable exemption:

15        (a)    Unless a registration statement is in effect as to a security, making use

16               of any means or instruments of transportation or communication in

17               interstate commerce or of the mails to sell such security through the

18               use or medium of any prospectus or otherwise; or

19        (b)    Making use of any means or instruments of transportation or

20               communication in interstate commerce or of the mails to offer to sell

21               or offer to buy through the use or medium of any prospectus or

22               otherwise any security, unless a registration statement has been filed

23               with the Commission as to such security, or while the registration

24               statement is the subject of a refusal order or stop order or (prior to the

25               effective date of the registration statement) any public proceeding or

26               examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

27                                       **II.**

28   IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

1  that Defendant and Defendant's agents, servants, employees, attorneys, and all
2  persons in active concert or participation with them who receive actual notice of
3  this Final Judgment by personal service or otherwise are permanently restrained
4  and enjoined from violating Section 17(a) of the Securities Act, 15 U.S.C. §
5  77q(a), in the offer or sale of any security by the use of any means or instruments
6  of transportation or communication in interstate commerce or by use of the mails,
7  directly or indirectly:

8      (a)    to employ any device, scheme, or artifice to defraud;

9      (b)    to obtain money or property by means of any untrue statement of a
10          material fact or any omission of a material fact necessary in order to
11          make the statements made, in light of the circumstances under which
12          they were made, not misleading; or

13      (c)    to engage in any transaction, practice, or course of business which
14          operates or would operate as a fraud or deceit upon the purchaser.

15  **III.**

16      IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED
17  that Defendant and Defendant's agents, servants, employees, attorneys, and all
18  persons in active concert or participation with them who receive actual notice of
19  this Final Judgment by personal service or otherwise are permanently restrained
20  and enjoined from violating, directly or indirectly, Section 10(b) of the Securities
21  Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5
22  promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or
23  instrumentality of interstate commerce, or of the mails, or of any facility of any
24  national securities exchange, in connection with the purchase or sale of any
25  security:

26      (a)    to employ any device, scheme, or artifice to defraud;
27      (b)    to make any untrue statement of a material fact or to omit to state a
28          material fact necessary in order to make the statements made, in the

light of the circumstances under which they were made, not

misleading; or

(c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, subject to his right to assert, to the extent applicable, his privilege against self-incrimination under the Fifth Amendment to the United States Constitution, the Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and any other persons who are in custody, possession or control of any assets, collateral, books, records, papers or other property of or managed by any of the entities in receivership in this action, shall forthwith give access to and control of such property to the permanent receiver. If the Defendant invokes his Fifth Amendment privilege against self-incrimination and asserts that the invocation of such privilege relieves him of the obligation to give access to and control of any item to the permanent receiver, the Defendant shall provide written notice of his invocation of the privilege to the permanent receiver and counsel for the Commission.

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that neither Defendant nor any agent, servant, employee, or attorney of the Defendant shall take any action or purport to take any action, in the name of or on behalf of Westmoore Management, LLC, Westmoore Investment, L.P., Westmoore Capital Management, Inc., and Westmoore Capital, LLC without the written consent of the permanent receiver or order of this Court.

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

that the Defendant, and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, shall, subject to his right to assert, to the extent applicable, his privilege against self-incrimination under the Fifth Amendment to the United States Constitution, cooperate with and assist the permanent receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the permanent receiver or his or her attorneys, accountants, employees, or agents, in the conduct of the permanent receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the permanent receiver of the funds, assets, collateral, premises, and choses in action described above.

## VII.

IT IS FURTHER ORDERED that, subject to his right to assert, to the extent applicable, his privilege against self-incrimination under the Fifth Amendment to the United States Constitution, the Defendant, shall, to the extent not already completed, within 24 hours of the issuance of this Judgment, cause to be prepared and delivered to the permanent receiver, a detailed and complete schedule of all desktop computers, laptop computers, phones, smartphones, and/or PDA's owned, controlled or used by him for any purpose. The schedule required by this section shall include at a minimum the make, model and description of each device, along with its location, the name of the person primarily assigned to use the device, all passwords necessary to access the device, and all passwords necessary to access and use the software contained on the device. The permanent receiver shall be authorized to make an electronic, digital or hard copy of all of the data contained on the device.

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, subject to his right to assert, to the extent applicable, his privilege against self-

1  incrimination under the Fifth Amendment to the United States Constitution, the
2  Defendant shall, to the extent not already completed, within 24 hours of the entry
3  of this Final Judgment, cause to be prepared and delivered to the permanent
4  receiver a detailed and complete schedule of all passwords, usernames,
5  identification numbers and similar information for all web sites, email accounts,
6  and all accounts at any bank, financial institution or brokerage firm operated by or
7  to which Westmoore Management, Westmoore Investment, Westmoore Capital
8  Management, and Westmoore Capital have access.

9                                         **IX.**

10      IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED
11  that, pursuant to Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), and
12  Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), Defendant is
13  prohibited, for 5 years following the date of entry of this Final Judgment, from
14  acting as an officer or director of any issuer that has a class of securities registered
15  pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to
16  file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

17                                         **X.**

18      IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED
19  that Defendant is liable for disgorgement of $312,843.37, representing profits
20  gained as a result of the conduct alleged in the Complaint, together with
21  prejudgment interest thereon in the amount of $49,421.69, for a total of
22  $362,265.06, and a civil penalty in the amount of $130,000 pursuant to Section
23  20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the
24  Exchange Act, 15 U.S.C. § 78u(d)(3).  Defendant shall satisfy this obligation by
25  paying $492,265.06 within 60 days after entry of this Final Judgment to the
26  permanent receiver in this action, together with a cover letter specifying that
27  payment is being made pursuant to this Final Judgment.  Defendant shall
28  simultaneously transmit photocopies of such payment and letter to the

1    Commission's counsel in this action. By making this payment, Defendant
2    relinquishes all legal and equitable right, title, and interest in such funds, and no
3    part of the funds shall be returned to Defendant. Defendant shall pay post-
4    judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

5         The permanent receiver may by motion propose a plan to distribute the
6    monies paid by Defendant subject to the Court's approval. Pursuant to the
7    provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002, the civil penalty
8    paid by Defendant may be added to and become part of the disgorgement fund.
9    Regardless of whether any distribution is made, amounts ordered to be paid as civil
10   penalties pursuant to this Judgment shall be treated as penalties paid to the
11   government for all purposes, including all tax purposes. To preserve the deterrent
12   effect of the civil penalty, Defendant shall not, after offset or reduction of any
13   award of compensatory damages in any Related Investor Action based on
14   Defendant's payment of disgorgement in this action, argue that he is entitled to,
15   nor shall he further benefit by, offset or reduction of such compensatory damages
16   award by the amount of any part of Defendant's payment of a civil penalty in this
17   action ("Penalty Offset"). If the court in any Related Investor Action grants such a
18   Penalty Offset, Defendant shall, within 30 days after entry of a final order granting
19   the Penalty Offset, notify the Commission's counsel in this action and pay the
20   amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the
21   Commission directs. Such a payment shall not be deemed an additional civil
22   penalty and shall not be deemed to change the amount of the civil penalty imposed
23   in this Judgment. For purposes of this paragraph, a "Related Investor Action"
24   means a private damages action brought against Defendant by or on behalf of one
25   or more investors based on substantially the same facts as alleged in the Complaint
26   in this action.

27                                    **XI.**

28        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, except

as otherwise ordered by this Court, Defendant and Defendant's agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from, directly or indirectly transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims, or other real or personal property, including any notes or deeds of trust or other interests in real property, wherever located, of Defendant, whether owned by, controlled by, managed by or in the possession or custody of Defendant and from transferring, encumbering, dissipating, incurring charges, or cash advances on any credit card or the credit arrangements of Defendant.

## XII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, except as otherwise ordered by this Court, the previously ordered freeze shall continue in place on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the Commission to be heard) in all accounts at any bank, financial institution or brokerage firm (including any futures commission merchant), or internet or "e-currency" payment processor, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Defendant including, but not limited to, the accounts set forth below:

| INSTITUTION | ACCOUNT HOLDER | ACCOUNT NO. (LAST 4 DIGITS) |
|---|---|---|
| Bank of America | Matt Jennings | 1000 |
| C.K. Cooper | Matthew Jennings | 0091 |

| INSTITUTION | ACCOUNT HOLDER | ACCOUNT NO. (LAST 4 DIGITS) |
|---|---|---|
| C.K. Cooper | Recovery Capital Corp. | 7498 |
| Southwest Securities | Matthew and Jeanine Jennings | 3196 |
| Southwest Securities | Matthew Jennings FBO Luke Estrada | 5224 |

### XIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the provisions of Sections XI and XII of this Judgment shall remain in full force and effect until the permanent receiver files a report or other notice, informing the Court and the parties of receipt of funds fully satisfying Defendant's obligations under Section X of this Judgment.  Assets frozen pursuant to Sections XII and/or XIII of this Judgment may be liquidated to satisfy the amounts owed pursuant to Section X of this Judgment pursuant to the following procedures:  The Defendant must provide written instructions to any financial institution holding an asset that the Defendant intends to liquidate in satisfaction of this judgment which instructions must (1) be signed by the permanent receiver indicating his acknowledgment of the instructions, (2) specifically identify the asset or assets to be liquidated, and (3) instruct the financial institution to pay the proceeds of the liquidation directly to the permanent receiver.  Within two business days of receipt of funds fully satisfying Defendant's obligations under Section X of this Judgment, the receiver shall file a report or other notice informing the Court and the parties of the receipt of those funds.

### XIV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, except as otherwise ordered by this Court, and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are

8

1   permanently restrained and enjoined from, directly or indirectly: destroying,

2   mutilating, concealing, transferring, altering, or otherwise disposing of, in any

3   manner, any documents, which includes all books, records, computer programs,

4   computer files, computer printouts, contracts, correspondence, memoranda,

5   brochures, or any other documents of any kind in their possession, custody or

6   control, however created, produced, or stored (manually, mechanically,

7   electronically, or otherwise), pertaining in any manner to Defendants Westmoore

8   Management, LLC, Westmoore Investment , L.P., Westmoore Capital

9   Management, Inc., and Westmoore Capital, LLC, and their subsidiaries and

10  affiliates.  Defendant may satisfy his obligation under this paragraph as to any

11  particular document by turning that document over to the permanent receiver.

### XV.

13       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the

14  Consent is incorporated herein with the same force and effect as if fully set forth

15  herein, and that Defendant shall comply with all of the undertakings and

16  agreements set forth therein.

### XVI.

18       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this

19  Court shall retain jurisdiction of this matter for the purposes of enforcing the terms

20  of this Final Judgment.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

## XVII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

DATED:   Aug 12 , 2011

HONORABLE ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE