JJ-6

JOHN M. MCCOY III, Cal Bar. No. 166244
Email: mccoyj@sec.gov
SPENCER E. BENDELL, Cal Bar. No. 181220
Email: bendells@sec.gov
LORRAINE B. ECHAVARRIA, Cal Bar. No. 191860
Email: echavarrial@sec.gov
SAM S. PUATHASNANON, Cal. Bar No. 198430
Email: puathasnanons@sec.gov
ROBERT CONRRAD, Cal. Bar No. 199498
Email: conrradr@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
John M. McCoy III, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone:  (323) 965-3998
Facsimile:  (323) 965-3908

FILED
CLERK U.S. DISTRICT COURT

AUG 1 2 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>         Plaintiff,<br><br>    vs.<br><br>WESTMOORE MANAGEMENT, LLC; WESTMOORE INVESTMENT, L.P.; WESTMOORE CAPITAL MANAGEMENT, INC.; WESTMOORE CAPITAL, LLC, and MATTHEW R. JENNINGS,<br><br>       Defendants. | Case No. SACV 10-00849 AG (MLGx)<br><br>**JUDGMENT OF PERMANENT INJUNCTION, APPOINTMENT OF PERMANENT RECEIVER, AND IMPOSING OTHER RELIEF AS TO DEFENDANTS WESTMOORE MANAGEMENT, LLC; WESTMOORE INVESTMENT, L.P.; WESTMOORE CAPITAL MANAGEMENT, INC.; AND WESTMOORE CAPITAL, LLC** |

1   The Securities and Exchange Commission ("Commission") having filed a

2   Complaint and Defendants Westmoore Management, LLC, Westmoore

3   Investment, L.P., Westmoore Capital Management, Inc., and Westmoore Capital,

4   LLC ("collectively, the "Entity Defendants") having entered a general appearance;

5   consented to the Court's jurisdiction over the Entity Defendants and the subject

6   matter of this action; consented to entry of this Judgment without admitting or

7   denying the allegations of the Complaint (except as to jurisdiction); waived

8   findings of fact and conclusions of law; and waived any right to appeal from this

9   Judgment:

10   **I.**

11   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Entity

12   Defendants Westmoore Management, LLC, Westmoore Investment, L.P.,

13   Westmoore Capital Management, Inc., and their agents, servants, employees,

14   attorneys, and all persons in active concert or participation with them, who receive

15   actual notice of this Judgment by personal service or otherwise are permanently

16   restrained and enjoined from violating Section 5 of the Securities Act of 1933 (the

17   "Securities Act"), 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any

18   applicable exemption:

19   (a)   Unless a registration statement is in effect as to a security, making use

20   of any means or instruments of transportation or communication in

21   interstate commerce or of the mails to sell such security through the

22   use or medium of any prospectus or otherwise; or

23   (b)   Making use of any means or instruments of transportation or

24   communication in interstate commerce or of the mails to offer to sell

25   or offer to buy through the use or medium of any prospectus or

26   otherwise any security, unless a registration statement has been filed

27   with the Commission as to such security, or while the registration

28   statement is the subject of a refusal order or stop order or (prior to the

1

effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Entity Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

 (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Entity Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any

1  security:

2      (a)    to employ any device, scheme, or artifice to defraud;

3      (b)    to make any untrue statement of a material fact or to omit to state a

4          material fact necessary in order to make the statements made, in the

5          light of the circumstances under which they were made, not

6          misleading; or

7      (c)    to engage in any act, practice, or course of business which operates or

8          would operate as a fraud or deceit upon any person.

9  **IV.**

10      IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

11  that the Entity Defendants shall pay disgorgement of ill-gotten gains and

12  prejudgment interest thereon; that the amounts of the disgorgement and civil

13  penalty shall be determined by the Court upon motion of the Commission; and that

14  prejudgment interest shall be calculated from January 1, 2008, based on the rate of

15  interest used by the Internal Revenue Service for the underpayment of federal

16  income tax as set forth in 26 U.S.C. § 6621(a)(2).  Upon motion of the

17  Commission, the Court shall determine whether a civil penalty pursuant to Section

18  20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the

19  Exchange Act, 15 U.S.C. § 78u(d)(3), is appropriate and, if so, the amount of the

20  penalty.  In connection with the Commission's motion for disgorgement and/or

21  civil penalties, and at any hearing held on such a motion: (a) the Entity Defendants

22  will be precluded from arguing that they did not violate the federal securities laws

23  as alleged in the Complaint; (b) the Entity Defendants may not challenge the

24  validity of this Consent or the Judgment; (c) solely for the purposes of such

25  motion, the allegations of the Complaint shall be accepted as and deemed true by

26  the Court; and (d) the Court may determine the issues raised in the motion on the

27  basis of affidavits, declarations, excerpts of sworn deposition or investigative

28  testimony, and documentary evidence, without regard to the standards for

1   summary judgment contained in Rule 56(c) of the Federal Rules of Civil

2   Procedure.  In connection with the Commission's motion for disgorgement and/or

3   civil penalties, the Commission and the Entity Defendants may take discovery,

4   including discovery from appropriate non-parties.

5                                    **V.**

6          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that David

7   A. Gill; is appointed as permanent receiver of the Entity Defendants and their

8   subsidiaries and entities otherwise majority-owned, managed or controlled, directly

9   or indirectly, by any of them, with full powers of an equity receiver, including, but

10  not limited to, full power over all funds, assets, collateral, premises (whether

11  owned, leased, occupied, or otherwise controlled), choses in action, books, records,

12  papers and other property belonging to, being managed by or in the possession of

13  or control of the Entity Defendants and their subsidiaries and entities otherwise

14  majority-owned, managed or controlled, directly or indirectly, by any of them, and

15  that such receiver is immediately authorized, empowered and directed:

16          (a)     to have access to and to collect and take custody, control, possession,

17                  and charge of all funds, assets, collateral, premises (whether owned,

18                  leased, occupied, or otherwise controlled), choses in action, books,

19                  records, papers and other real or personal property, wherever located,

20                  of or managed by the Entity Defendants and their subsidiaries and

21                  entities otherwise majority-owned, managed or controlled, directly or

22                  indirectly, by any of them, with full power to sue, foreclose, marshal,

23                  collect, receive, and take into possession all such property;

24          (b)     to have control of, and to be added as the sole authorized signatory

25                  for, all accounts of the entities in receivership, and all accounts over

26                  which any of their employees or agents have signatory authority, at

27                  any bank, title company, escrow agent, financial institution or

28                  brokerage firm which has possession, custody or control of any assets

1          or funds of the Entity Defendants and their subsidiaries and entities

2          otherwise majority-owned, managed or controlled, directly or

3          indirectly, by any of them, or which maintains any accounts over

4          which the Entity Defendants and their subsidiaries and entities

5          otherwise owned, managed or controlled, directly or indirectly, by any

6          of them, and/or any of their officers, employees or agents have

7          signatory authority;

8   (c)    to conduct such investigation and discovery as may be necessary to

9          locate, account for and recover all of the assets of or managed by (and

10         to account for and pursue recovery of the losses of the Entity

11         Defendants and their subsidiaries and entities otherwise majority-

12         owned, managed or controlled, directly or indirectly, by any of them,

13         and to engage and employ attorneys, accountants and other persons to

14         assist in such investigation and discovery;

15   (d)    to take such action as is necessary and appropriate to preserve and

16         take control of and to prevent the dissipation, concealment, or

17         disposition of any assets of or managed by the Entity Defendants and

18         their subsidiaries and entities otherwise majority-owned, managed or

19         controlled, directly or indirectly, by any of them;

20   (e)    to make an accounting, as soon as practicable, to this Court and the

21         Commission of the assets and financial condition of the Entity

22         Defendants and the assets under their management, and to file the

23         accounting with the Court and deliver copies thereof to all parties;

24   (f)    to make such payments and disbursements from the funds and assets

25         taken into custody, control and possession or thereafter received by

26         him or her, and to incur, or authorize the making of, such agreements

27         as may be necessary and advisable in discharging his or her duties as

28         permanent receiver;

(g)   to employ agents and clerical assistant and to pay them, subject to his duty to account to the court, and, pursuant to Local Rule to retain attorneys, including his own law firm, accountants and others to investigate and, where appropriate, to institute, pursue, and prosecute all claims and causes of action of whatever kind and nature which may now or hereafter exist as a result of the activities of present or past employees or agents of the Entity Defendants and their subsidiaries and entities otherwise majority-owned, managed or controlled, directly or indirectly, by any of them, provided that attorneys, professionals, and the permanent receiver shall be paid only upon application to this Court on notice, pursuant to Local Rule 66-7;

(h)   to have access to, monitor, and redirect all mail (including email and facsimile) of the Entity Defendants and their subsidiaries and entities otherwise majority-owned, managed or controlled, directly or indirectly, by any of them, in order to review such mail which he or she deems relates to their business and the discharging of his or her duties as permanent receiver;

(i)   to operate and control the content of information posted on any Internet web site maintained by the Entity Defendants and their subsidiaries and entities otherwise majority-owned, managed or controlled, directly or indirectly, by any of them;

(j)   to exercise all of the lawful powers of the Entity Defendants and their subsidiaries and entities otherwise majority-owned, managed or controlled, directly or indirectly, by any of them, and their officers, directors, employees, representatives, or persons who exercise similar powers and perform similar duties; and

(k)   to administer the receivership estate, including any amounts ultimately ordered paid as prejudgment interest pursuant to this

1   Judgment, in accordance with Local Rule 66-8.

2   **VI.**

3   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, except

4   as otherwise ordered by this Court, the Entity Defendants and their officers, agents,

5   servants, employees, attorneys, ~~subsidiaries and entities otherwise majority-owned,~~

6   ~~managed or controlled, directly or indirectly, by any of them,~~ and those persons in

7   active concert or participation with any of them, who receive actual notice of this

8   Order, by personal service or otherwise, and each of them, be and hereby are

9   temporarily restrained and enjoined from, directly or indirectly transferring,

10   assigning, selling, hypothecating, changing, wasting, dissipating, converting,

11   concealing, encumbering, or otherwise disposing of, in any manner, any funds,

12   assets, securities, claims, or other real or personal property, including any notes or

13   deeds of trust or other interests in real property, wherever located, of the Entity

14   Defendants, or their subsidiaries or entities otherwise majority-owned, managed or

15   controlled, directly or indirectly, by any of them, whether such assets are owned

16   by, controlled by, managed by or in the possession or custody of any of them and

17   from transferring, encumbering, dissipating, incurring charges, or cash advances on

18   any credit card or the credit arrangements of the Entity Defendants.

19   **VII.**

20   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, except

21   as otherwise ordered by this Court, and with the exception that a financial

22   institution may transfer funds or make payments as directed by the permanent

23   receiver, a freeze shall continue in place on all monies and assets in all accounts at

24   any bank, financial institution or brokerage firm (including any futures commission

25   merchant), or internet or "e-currency" payment processor, all certificates of

26   deposit, and other funds or assets, held in the name of, for the benefit of, or over

27   which account authority is held by any of the Entity Defendants, or their

28   subsidiaries or entities otherwise majority-owned, managed or controlled, directly

or indirectly, by any of them, including, but not limited to, the accounts set forth below:

| INSTITUTION | ACCOUNT HOLDER | ACCOUNT NO. (LAST 4 DIGITS) |
|---|---|---|
| Bank of America | Capital Asset Lending, Inc. | 0458 |
| Bank of America | Harry's Pacific Grill (operating account) | 2195 |
| Bank of America | Harry's Pacific Grill (Payroll) | 4060 |
| Bank of America | Harry's Pacific Grill, LLC Operating A/C | 8985 |
| Bank of America | Harry's Pacific Grill, LLC Payroll I | 8986 |
| Bank of America | Harry's Pacific Grill, LLC Payroll II | 8988 |
| Bank of America | Honolulu Harry's, Inc. (Corp. Main) | 1894 |
| Bank of America | Rancho Cucamonga Harry's Pacific Grill (General A/C) | 7380 |
| Bank of America | Rancho Cucamonga Harry's Pacific Grill (General) | 6612 |
| Bank of America | Rancho Cucamonga Harry's Pacific Grill (Payroll) | 6614 |
| Bank of America | Rancho Cucamonga Harry's Pacific Grill (Payroll) | 7381 |
| Bank of America | Westmoore Business Development., LLC | 1463 |
| Bank of America | Westmoore Capital Finance, LTD | 1427 |
| Bank of America | Westmoore Capital Group, LLC | 0412 |
| Bank of America | Westmoore Capital Group, LLC (China Series) | 8648 |

| INSTITUTION | ACCOUNT HOLDER | ACCOUNT NO. (LAST 4 DIGITS) |
|---|---|---|
| Bank of America | Westmoore Capital Group, LLC (Series A) | 0673 |
| Bank of America | Westmoore Capital Group, LLC (Series II) | 0762 |
| Bank of America | Westmoore Capital Management, Inc. | 0452 |
| Bank of America | Westmoore Capital, Inc. | 0331 |
| Bank of America | Westmoore Capital, Inc. (Westmoore Tahoe) | 2790 |
| Bank of America | Westmoore Food & Entertainment., LLC | 0303 |
| Bank of America | Westmoore Holdings, Inc | 6289 |
| Bank of America | Westmoore Income Properties, LLC | 1452 |
| Bank of America | Westmoore Income Properties, LLC (11th Street) | 0838 |
| Bank of America | Westmoore Income Properties, LLC (Brentwood) | 0682 |
| Bank of America | Westmoore Income Properties, LLC (Fresno St.) | 0685 |
| Bank of America | Westmoore Income Properties, LLC (Havasu) | 0837 |
| Bank of America | Westmoore Income Properties, LLC (Show Low) | 1097 |
| Bank of America | Westmoore Income Properties, LLC (The Palms) | 0684 |
| Bank of America | Westmoore International | 7460 |

| INSTITUTION | ACCOUNT HOLDER | ACCOUNT NO. (LAST 4 DIGITS) |
|---|---|---|
| Bank of America | Westmoore Investment, L.P. | 6037 |
| Bank of America | Westmoore Investment, L.P. | 0104 |
| Bank of America | Westmoore Lending Opportunity Fund, LLC | 1814 |
| Bank of America | Westmoore Lending, LLC | 6718 |
| Bank of America | Westmoore Management, LLC | 7298 |
| Bank of America | Westmoore Management, LLC (Belmont Place) | 0157 |
| Bank of America | Westmoore Partners, Inc. | 2335 |
| Bank of America | Westmoore Properties, L.P. | 1185 |
| Bank of America | Westmoore Realty Inc. | 8033 |
| Bank of America | Westmoore Securities, Inc. | 1599 |
| C.K. Cooper | Westmoore Capital Group | 5335 |
| C.K. Cooper | Westmoore Investment | 6860 |
| Southwest Securities | Westmoore Capital Group, Series B | 7101 |
| Southwest Securities | Westmoore Capital Group, Series II | 0331 |
| Southwest Securities | Westmoore Holdings, Inc. | 5372 |
| Southwest Securities | Westmoore Investment, L.P. | 4912 |
| Southwest Securities | Westmoore Investment, L.P. | 6549 |
| Southwest Securities | Westmoore Management | 3381 |
| Southwest Securities | Westmoore Partners | 6143 |
| Southwest Securities | Westmoore Securities, Inc. | 2160 |
| Southwest Securities | Westmoore Trading Company | 7630 |
| Union Bank | Westmoore Capital Group | 5895 |

///

///

Pursuant to prior orders of the Court, entered upon stipulation of the parties, the following accounts are not subject to the asset freeze ordered herein:

| INSTITUTION | ACCOUNT HOLDER | ACCOUNT NO. (LAST 4 DIGITS) |
|---|---|---|
| Chase | Harry's Pacific Grill (Rancho Cucamonga general operating account) | 6065 |
| Chase | Harry's Pacific Grill (Rancho Cucamonga payroll account) | 6073 |
| Chase | Harry's Pacific Grill (Rancho Cucamonga tax account) | 9139 |
| Chase | Harry's Pacific Grill (Temecula general operating account) | 6049 |
| Chase | Harry's Pacific Grill (Temecula payroll account) | 6057 |
| Chase | Harry's Pacific Grill (Temecula tax account) | 9147 |
| C.K. Cooper | Westmoore Holdings, Inc. (brokerage account) | 1648 |

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Entity Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise, and any other persons who are in custody, possession or control of any assets, collateral, books, records, papers or other property of or managed by any of the entities in receivership in this action, shall forthwith give access to and control of such property to the permanent receiver.

**IX.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that neither any Entity Defendant nor any agent, servant, employee, or attorney of any Entity Defendant shall take any action or purport to take any action, in the name of or on behalf of the Entity Defendants without the written consent of the permanent receiver or order of this Court.

**X.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors, and all other persons or entities seeking relief of any kind, in law or in equity, from the Entity Defendants or their subsidiaries or entities otherwise majority-owned, managed or controlled, directly or indirectly, by any of them, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group, or other person, including sheriffs, marshals, servants, agents, employees, and attorneys, are hereby restrained and enjoined from, directly or indirectly, with respect to these persons and entities:

    (a)    commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the Commission) against any of them;

    (b)    using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or property interests owned by or in the possession of the Entity Defendants; and

    (c)    doing any act or thing whatsoever to interfere with taking control, possession or management by the permanent receiver appointed

hereunder of the property and assets owned, controlled or managed by or in the possession of the Entity Defendants, or in any way to interfere with or harass the permanent receiver or his or her attorneys, accountants, employees, or agents or to interfere in any manner with the discharge of the permanent receiver's duties and responsibilities hereunder.

## XI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Entity Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise, shall cooperate with and assist the permanent receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the permanent receiver or his or her attorneys, accountants, employees, or agents, in the conduct of the permanent receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the permanent receiver of the funds, assets, collateral, premises, and choses in action described above.

## XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Entity Defendants and their subsidiaries and entities otherwise majority-owned, managed or controlled, directly or indirectly, by any of them, shall pay the costs, fees and expenses of the permanent receiver incurred in connection with the performance of his or her duties described in this Order, including the costs and expenses of those persons who may be engaged or employed by the permanent receiver to assist him or her in carrying out his or her duties and obligations. All applications for costs, fees, and expenses for services rendered in connection with the receivership other than routine and necessary business expenses in conducting the receivership, such as salaries, rent, and any and all other reasonable operating

13

1   expenses, shall be made by application setting forth in reasonable detail the nature
2   of the services and shall be heard by the Court.

### XIII.

4       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that no bond
5   shall be required in connection with the appointment of the permanent receiver.
6   Except for an act of gross negligence, the permanent receiver shall not be liable for
7   any loss or damage incurred by any of the Entity Defendants, their officers, agents,
8   servants, employees and attorneys or any other person, by reason of any act
9   performed or omitted to be performed by the permanent receiver in connection
10  with the discharge of his or her duties and responsibilities.

### XIV.

12      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that
13  representatives of the Commission and any other government agency, are
14  authorized to have continuing access to inspect or copy any or all of the corporate
15  books and records and other documents of the Entity Defendants and the other
16  entities in receivership, and continuing access to inspect their funds, property,
17  assets and collateral, wherever located.

### XV.

19      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, except
20  as otherwise ordered by this Court, the Entity Defendants, and their officers,
21  agents, servants, employees, attorneys, subsidiaries and entities otherwise
22  majority-owned, managed or controlled, directly or indirectly, by any of them,
23  including the other entities in receivership, and those persons in active concert or
24  participation with any of them, who receive actual notice of this Judgment, by
25  personal service or otherwise, and each of them, be and hereby are restrained and
26  enjoined from, directly or indirectly: destroying, mutilating, concealing,
27  transferring, altering, or otherwise disposing of, in any manner, any documents,
28  which includes all books, records, computer programs, computer files, computer

1    printouts, contracts, correspondence, memoranda, brochures, or any other

2    documents of any kind in their possession, custody or control, however created,

3    produced, or stored (manually, mechanically, electronically, or otherwise),

4    pertaining in any manner to the Entity Defendants, and their subsidiaries and

5    entities otherwise majority-owned, managed or controlled, directly or indirectly, by

6    any of them.  Nothing in this paragraph shall prevent the permanent receiver from

7    disposing of documents in compliance with applicable law upon the termination of

8    the receivership by the Court at the conclusion of this case.

### XVI.

10    IT IS FURTHER ORDERED that the Entity Defendants, to the extent not

11    already completed, shall, within 24 hours of the issuance of this Order, cause to be

12    prepared and delivered to the permanent receiver, a detailed and complete schedule

13    of all desktop computers, laptop computers, phones, smartphones, and/or PDA's

14    owned, controlled or used by him for any purpose.  The schedule required by this

15    section shall include at a minimum the make, model and description of each

16    device, along with its location, the name of the person primarily assigned to use the

17    device, all passwords necessary to access the device, and all passwords necessary

18    to access and use the software contained on the device.  The permanent receiver

19    shall be authorized to make an electronic, digital or hard copy of all of the data

20    contained on the device.

### XVII.

22    IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

23    that the Entity Defendants, to the extent not already completed, shall, within 24

24    hours of the entry of this Judgment, cause to be prepared and delivered to the

25    permanent receiver a detailed and complete schedule of all passwords, usernames,

26    identification numbers and similar information for all web sites, email accounts,

27    and all accounts at any bank, financial institution or brokerage firm operated by or

28    to which the Entity Defendants have access.

## XVIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendants Westmoore Management, LLC, Westmoore Investment, L.P., Westmoore Capital Management, Inc., and Westmoore Capital, LLC is incorporated herein with the same force and effect as if fully set forth herein, and that the Entity Defendants shall comply with all of the undertakings and agreements set forth therein.

## XIX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## XX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

DATED: Aug 12 , 2011

HONORABLE ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

[X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire
Boulevard, 11th Floor, Los Angeles, California 90036-3648
Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On July 21, 2011, I caused to be served the document entitled

**JUDGMENT OF PERMANENT INJUNCTION, APPOINTMENT OF
PERMANENT RECIEVER, AND IMPOSING OTHER RELIEF AS TO
DEFENDANTS WESTMOORE MANAGEMENT LLC, WESTMOORE
INVESTMENT L.P., WESTMOORE CAPITAL MANAGEMENT, INC. AND
WESTMOORE CAPITAL LLC;**

on all the parties to this action addressed as stated on the attached service list:

[ ]   **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for
collection and mailing today following ordinary business practices.  I am
readily familiar with this agency's practice for collection and processing of
correspondence for mailing; such correspondence would be deposited with
the U.S. Postal Service on the same day in the ordinary course of business.

> [ ]   **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed
> envelope(s), which I personally deposited with the U.S. Postal Service.
> Each such envelope was deposited with the U.S. Postal Service at Los
> Angeles, California, with first class postage thereon fully prepaid.

> [ ]   **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a
> facility regularly maintained at the U.S. Postal Service for receipt of
> Express Mail at Los Angeles, California, with Express Mail postage
> paid.

[ ]   **HAND DELIVERY:**  I caused to be hand delivered each such envelope to
the office of the addressee as stated on the attached service list.

[ ]   **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s)
designated by United Parcel Service ("UPS") with delivery fees paid or
provided for, which I deposited in a facility regularly maintained by UPS or
delivered to a UPS courier, at Los Angeles, California.

[ ]   **ELECTRONIC MAIL:**  By transmitting the document by electronic mail
to the electronic mail address as stated on the attached service list.

[X]   **E-FILING:**  By causing the document to be electronically filed via the
Court's CM/ECF system, which effects electronic service on counsel who
are registered with the CM/ECF system.

[ ]   **FAX:**  By transmitting the document by facsimile transmission.  The
transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date:  <u>July 21, 2011</u>          <u>/s/ Spencer E. Bendell</u>
                                        Spencer E. Bendell

**SEC v. WESTMOORE MANAGEMENT, LLC, et al.**
**United States District Court – Central District of California**
**Case No. SACV 10-00849 AG (MLGx)**
**(LA-3616)**

SERVICE LIST

Ismail Ramsey, Esq.
Ramsey & Ehrlich LLP
803 Hearst Avenue
Berkley, CA 94710
Email: izzy@ramsey-ehrlich.com
*Attorney for Defendant Matthew R. Jennings*

Michael J. Proctor, Esq.
Michael V. Schafler, Esq.
Caldwell Leslie & Proctor, PC
1000 Wilshire Boulevard, Suite 600
Los Angeles, CA 90017
Email: proctor@caldwell-leslie.com
Email: schafler@caldwell-leslie.com
*Attorneys for Defendants Westmoore Management, LLC,*
*Westmoore Investment, L.P., Westmoore Capital Management, Inc.,*
*and Westmoore Capital, LLC*

Heather U. Guerena, Esq.
Duane Morris
101 West Broadway, Suite 900
San Diego, CA 92101
Email: huguerena@duanemorris.com
*Attorney for Creditor True Capital Management*

Edward C. Snyder, Esq.
Castillo Snyder PC
300 Convent Street Suite 1020
San Antonio, TX 78205
Email: esnyder@casnlaw.com

Scott B. Cooper, Esq.
The Cooper Law Firm
2030 Main Street, Suite 1300
Irvine, CA 92614
Email: scott@cooper-firm.com
*Attorneys for Intervenors Ana Alicia Aguilar De Teresa and*
*Joaquin De Teresa*

John H. Donboli, Esq.
Del Mar Law Group, LLP
2002 Jimmy Durante Boulevard, Suite 100
Del Mar, CA 92104
Email: jdonboli@delmarlawgroup.com
***Attorneys for Intervenors Alicia Garza Sandoval, et al.***