# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>WESTMOORE MANAGEMENT, LLC; WESTMOORE INVESTMENT, LP.; WESTMOORE CAPITAL MANAGEMENT, INC.; WESTMOORE CAPITAL, LLC; and MATTHEW R. JENNINGS,<br><br>　　　　　Defendants. | Case No. 8:10-cv-00849-AG (MLGx)<br><br>**ORDER GRANTING RECEIVER'S MOTION FOR (1) APPROVAL OF FINAL REPORT AND ACCOUNT, (2) APPROVAL OF FINAL COMPENSATION OF THE RECEIVER AND HIS ATTORNEYS AND ACCOUNTANTS, (3) AUTHORITY TO DISBURSE REMAINING FUNDS ON A PRO RATA BASIS, (4) DISCHARGE OF THE RECEIVER, AND (5) EXONERATION OF THE RECEIVER'S BOND**<br><br>Date:　August 5, 2019<br>Time:　10:00 a.m.<br>Place:　Courtroom 10D<br>　　　　411 West Fourth Street<br>　　　　Santa Ana, California |

On August 5, 2019, the Court heard and considered the *Receiver's Final Report and Account and Motion for (1) Approval of Final Report and Account, (2) Approval of Final Compensation of the Receiver and His Attorneys and Accountants, (3) Authority to Disburse Remaining Funds on a Pro Rata Basis, (4) Discharge of the Receiver, and (5) Exoneration of the Receiver's Bond* (the

"Final Report") filed by David A. Gill, Receiver, the Honorable Andrew J. Gilford, United States District Court Judge, presiding. Appearances were as noted on the record at the hearing.

The Court having considered the Final Report (*docket no. 283*), the declarations of David A. Gill, John N. Tedford, IV, and Susan P. Tomlinson (*docket nos. 284-286*), and the Receiver's separate notice of the Final Report (*docket no. 287*), and having heard the statements of counsel at the hearing, for good cause appearing, it is

**ORDERED THAT:**

1. The Final Report is approved.

2. The receivership imposed by this Court's *Judgment of Permanent Injunction, Appointment of Permanent Receiver, and Imposing Other Relief As to Defendants Westmoore Management, LLC; Westmoore Investment, L.P.; Westmoore Capital Management, Inc.; and Westmoore Capital, LLC*, entered on August 12, 2011, is hereby terminated.

3. David A. Gill (the "Receiver") is hereby discharged from all further duties, liabilities and responsibilities as the court-appointed receiver in this action.

4. On a final basis, for services rendered during this case, the Receiver is awarded $211,296.00 of fees and $4,074.25 of costs. This includes $9,957.00 of fees and $84.41 of costs incurred from November 1, 2018, through the close of the case.

5. On a final basis, for services rendered during this case, Danning, Gill, Diamond & Kollitz, LLP ("DGDK"), is awarded $1,354,408.50 of fees and $30,055.79 of costs. This includes $90,450.00 of fees and $2,038.27 of costs incurred from November 1, 2018, through the close of the case.

6. On a final basis, for services rendered during this case, and pursuant to the terms of the engagement agreement approved by this Court's order entered on August 6, 2012 (*docket no. 129*), Castillo Snyder, PC, is awarded $752,109.44 of fees and $62,818.16 of costs.

7. On a final basis, for services rendered during this case, Crowe Horwath LLP ("Crowe"), is awarded $565,349.50 of fees and $932.28 of costs. This includes $21,283.50 of fees and $25.27 of costs incurred from November 1, 2018, through the close of the case.

8. On a final basis, for services rendered during this case as the Receiver's forensic analyst, investigator and expert witness, PCG Consulting, PC, is awarded $482,588.95 of fees and $356.00 of costs.

9. The Receiver is hereby authorized to distribute remaining funds in the receivership estate to the Receiver, DGDK and Crowe, on a pro rata basis.

10. The Court finds that all the Receiver's acts and transactions during his administration of the receivership estate, including the actions of his employees and agents, were right and proper and in the best interests of the receivership estate and the parties to this action. All such acts and transactions are ratified, confirmed and approved.

11. The Receiver and the receivership estate are hereby released from any and all liability for any and all claims, demands or causes of action that may have directly or indirectly arisen from the receivership estate prior to, during, or after the receivership period.

12. The Court hereby determines that the Receiver has no further duty or obligation to prepare or file further tax returns, or pay further taxes, on behalf of the receivership estate.

13. The Receiver is authorized to abandon remaining assets of the receivership estate, and any and all such assets shall be deemed abandoned upon entry of this order.

14. Any bond posted by the Receiver is hereby released from liabilities and the sureties thereon are hereby exonerated.

///

///

Case 8:10-cv-00849-AG-MLG   Document 289   Filed 08/05/19   Page 4 of 4   Page ID #:4541

15. The Court hereby reserves exclusive jurisdiction over any and all claims that may be asserted against the Receiver and his professionals and employees for their services, and all issues that were part of the subject matter of the receivership estate.

DATED:  August 5, 2019

_____
ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

1552916.1  25713A

4
ORDER APPROVING FINAL REPORT AND ACCOUNT